PALMER, J.
The State appeals the trial court’s order granting Maurice Bush’s motion for post-conviction relief.[1] Concluding that Bush failed to meet the burden of proving that his trial counsel was ineffective, we reverse the trial court’s grant of a new trial.
Bush was charged with two counts of sexual battery. After a jury trial, he was convicted of committing the crimes of battery and sexual battery. Bush appealed his judgments and sentences to this court, where they were per curiam affirmed. See Bush v. State, 708 So.2d 282 (Fla. 5th DCA 1998).
Thereafter, Bush filed a motion seeking postconviction relief raising numerous claims, including a claim of ineffective assistance of trial counsel for failing to call various witnesses. Specifically, Bush alleged that the witnesses were available and ready to testify and that:
The only reason these witnesses were not present when they were actually needed was because they were told by defense counsel Weaver and his investigator that they would not be needed until Friday, February 14, 1997. Unfortunately for the defendant, the witnesses were actually needed on Wednesday or possibly even Thursday, February 12 or 13, 1997; one (1) or two (2) days before they were told to be present.
The trial court conducted an evidentiary hearing on the motion. Upon review of the evidence presented, the trial court granted the motion concluding that trial counsel had erred when he decided not to call two witnesses, Mason Cook and Robert Lee Jones. The court ruled that, although trial counsel felt the evidentiary value of the witnesses’ statements was “sparse”, such testimony was in fact relevant and material. We reverse this ruling because not only was this ground not the basis of Bush’s rule 3.850 motion, but the trial court’s findings are not supported by the record.
*1181 First, no evidence was presented which indicated that trial counsel decided not to present these witnesses because the evi-dentiary value of their testimony was sparse. Instead, trial counsel testified that these witnesses were not presented to the jury because they failed to appear at trial even though they had received subpoenas from him. Second, no one testified that either defense counsel or his investigator told any of the witnesses anything about appearing, let alone that they would not be needed until Friday. The only witness who gave any testimony about why he did not show up was Mason Cook, who testified that a man called him and told him he did not have to come to court at all because “they” had his statement on tape. However, Cook did not know who the man was and did not identify him as being related to trial counsel or his investigator in. any way. As such, Bush wholly failed to prove the allegations contained in his motion for postconviction relief. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)(holding that in order to establish an ineffective assistance of counsel claim, a defendant must prove, in addition to prejudice, that counsel’s performance was deficient). Based on this record, ineffectiveness of trial counsel was not proven. See also Sweet v. State, 810 So.2d 854 (Fla.2002).
REVERSED.
COBB, W., Senior Judge, concurs and concurs specially, with opinion.
HARRIS, C., Senior Judge, dissents with opinion.

. See Fla. R.Crim. P. 3.850.